**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4404**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAUNTEL NAQUAN BRODIE,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:24-cr-00308-WO-1)

─────────────

Submitted:  January 22, 2026               Decided:  January 26, 2026

─────────────

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Eric D. Placke, Interim Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shauntel Naquan Brodie appeals the 18-month sentence imposed after he pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(8).  On appeal, Brodie's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Brodie's sentence is substantively reasonable.  Though notified of his right to do so, Brodie has not filed a pro se supplemental brief.  The Government has declined to file a response brief.  We affirm.

"This Court reviews all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (citation modified).  "First, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (citation modified).  "If the sentence is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances."  *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (citation modified).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.  Such a presumption can only be rebutted by showing that the sentence is unreasonable when

2

measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation modified).

We conclude that Brodie's sentence is procedurally and substantively reasonable. The district court correctly calculated the advisory Guidelines range of 12 to 18 months' imprisonment. The court noted Brodie's parental support and engaged—and agreed—with his arguments that his offense conduct was not on the egregious end of the wide range of conduct that the felon-in-possession statute punishes. But the court emphasized Brodie's criminal history and his problems complying with the terms of his pretrial release. The court thoroughly explained its determination that the 18-month sentence imposed was necessary in light of, inter alia, the seriousness of the offense and the needs to promote respect for the law, to afford adequate specific deterrence, and to protect the public. Brodie fails to overcome the presumption of reasonableness accorded his within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brodie, in writing, of the right to petition the Supreme Court of the United States for further review. If Brodie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brodie.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*